UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Armin Van Damme,

    Plaintiff

v.

U.S. Bank N.A.,

    Defendant

Case No.: 2:24-cv-01287-JAD-BNW

**Order Denying Motions for Reconsideration and Striking Plaintiff's Remaining Motions**

[ECF Nos. 86, 89, 90, 96, 98]

    Pro se plaintiff Armin Van Damme filed this quiet-title action in state court, attempting to prevent U.S. Bank from foreclosing on his home—a battle he's been waging since he stopped paying his mortgage 16 years ago. On September 19, 2024, this court dismissed the case with prejudice because all of Van Damme's claims fail due to some combination of preclusion principles, time bars, or failure to state a valid claim.[1] Judgment was entered, and this case was closed.[2] And because Van Damme had demonstrated a penchant for filing repetitive and frivolous motions, the court warned him that "[h]e may file only motions seeking appropriate relief, and he must refrain from filing multiple motions seeking the same relief. Filings that violate this direction will be struck."[3]

---

[1] ECF No. 84.
[2] ECF No. 85.
[3] ECF No. 84 at 31.

Van Damme swiftly filed a motion for reconsideration,[4] a "motion to supplement the record with newly discovered evidence judicial notice and request for damages,"[5] a motion for temporary restraining order to block foreclosure,[6] and a motion for judicial notice of "recent developments" in his ongoing bankruptcy proceedings.[7] I consider the motion for reconsideration because it qualifies as a motion seeking appropriate relief after a case has been closed. I also construe Van Damme's motion to supplement as a second reconsideration motion because it essentially argues that newly discovered evidence renders the judgment void. I deny both of those motions because Van Damme has not shown that such relief is warranted. And I strike his remaining motions because they are not properly brought in this closed case. I further admonish Van Damme that all future improper filings will be struck, and I advise U.S. Bank that it is no longer obligated to respond to future filings unless the court specifically orders a response.

## Discussion

**A.    Van Damme's motions for reconsideration have no basis in law or fact.**

When a case has been terminated by judgment, as this one has, motions for reconsideration are governed by Rule 60 of the Federal Rules of Civil Procedure, which allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding."[8] Such a motion can be based on Rule 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect;" Rule 60(b)(2), which allows the

---

[4] ECF No. 86.
[5] ECF Nos. 89, 90.
[6] ECF No. 96.
[7] ECF No. 98.
[8] Fed. R. Civ. P. 60(b).

court to consider the effect of newly discovered evidence; Rule 60(b)(3), which allows a court to consider the effect of "fraud . . . , misrepresentation, or misconduct by an opposing party; or Rule 60(b)(6), which provides a catch-all basis for relief based on "extraordinary circumstances."[9] Regardless of which subdivision of the rule applies, a motion for reconsideration "is not an avenue to re-litigate the same issues and arguments;"[10] a party seeking reconsideration must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[11]

### 1. *Van Damme's first reconsideration motion does not identify any errors warranting relief from judgment.*

Van Damme contends that his motion is "grounded in newly discovered evidence, factual inaccuracies, legal misrepresentations, and procedural irregularities."[12] The majority of the motion repeats contentions Van Damme has made in almost every filing he's submitted to this court, including allegations that U.S. Bank "lacked standing, jurisdiction, and subject matter jurisdiction" and "has not demonstrated any legal right over the property;" that Geraldine Van Damme "satisfied her loan obligation under [Nevada Revised Statue] NRS 106.240;" and that "sworn testimony . . . contradict[s] U.S. Bank's claim to beneficiary status."[13] I do not address

---

[9] Fed. R. Civ. P. 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

[10] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[11] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[12] ECF No. 86 at 1.

[13] *Id.* at 2–4. I do not address every recycled argument in Van Damme's motion, as doing so would be a waste of judicial resources. I have reviewed U.S. Bank's response, in which it lists every argument that Van Damme repeats from his prior filings, and I find that the list is accurate. *See* ECF No. 87 at 5. I do not re-adjudicate any of those arguments.

3

those arguments now because they were already raised and rejected by this court, and reconsideration motions may not be used to re-litigate old arguments.

Many of Van Damme's remaining arguments were not raised earlier, but they could have been. Motions for reconsideration also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[14] Some of those arguments: that res judicata doesn't apply "because the previous actions were based on void judgments due to lack of jurisdiction and standing;" that no "foreclosure action" could occur on the property because Geraldine Van Damme is not a party to this litigation and that any action on the property without her involvement violates her due-process rights; that foreclosure is barred by Nevada's ancient-lien statute, and others.[15] I do not consider those arguments because they could and should have been raised in the flood of other motions and documents that Van Damme filed before I dismissed his case.

At least one of Van Damme's arguments is based on a misinterpretation of my prior order dismissing his case. Van Damme contends that the order "authoriz[ed] the trustee sale" that U.S. Bank had scheduled for September 20, 2024, and that authorizing foreclosure was erroneous because Van Damme filed for bankruptcy, triggering an automatic stay on any actions against his property.[16] But this court did not "authorize" any trustee sale—it merely dismissed Van Damme's claims and denied his requests to halt the sale. As explained in the prior order,

---

[14] *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and emphasis omitted).

[15] Again, I don't recite every argument that Van Damme could have raised earlier. I have reviewed the entirety of Van Damme's reconsideration motion and do not consider any arguments that could have been, but were not, raised earlier in this litigation.

[16] ECF No. 86 at 5.

automatic bankruptcy stays do not apply to cases brought by the debtor, so denying Van Damme's motions to halt the trustee sale did not contravene that stay.[17]

Van Damme also argues that the judgment against him should be declared void because the court inadvertently identified the at-issue property as being located at 2755 Twin Palms Circle, when the correct address is 2775 Twin Palms Circle. This is merely a scrivener's error, which does not provide a basis to void the judgment. Rule 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission . . . on motion or on its own."[18] So, instead of rendering judgment void based on this clerical error, concurrently with this order I issue an amended order correcting it.

The rest of Van Damme's arguments are nonsensical. One is based on the proposition that the "submission of the November 13, 2013, [National Default Servicing Corporation] NDSC assignment occurred after the automatic stay was triggered by [Van Damme's] bankruptcy filing on September 12, 2024."[19] That argument obviously lacks merit, as by Van Damme's own admission, the assignment occurred in 2013, not 2024. He also contends that the court failed to "provide full judicial notice" because it relied "on the NDSC assignment while ignoring its legal deficiencies and the automatic stay violations."[20] That argument is based on a stream of statements regarding NDSC's assignment that is not supported by any cited documentation.[21] So, finding that no mistake or extraordinary circumstances warrant vacating my prior order and judgment, I deny Van Damme's first motion for reconsideration.

---

[17] ECF No. 84 at 12.
[18] Fed. R. Civ. P. 60(a).
[19] ECF No. 84 at 12.
[20] *Id.* at 14.
[21] *See id.* at 11–14.

### 2. *Van Damme's motion to supplement does not contain any newly discovered evidence that warrants reconsideration.*

Twenty days after Van Damme filed his motion for reconsideration, he filed a "motion to supplement the record with newly discovered evidence judicial notice and request for damages." In it, he purports to have found new information showing that "U.S. Bank N.A. as Trustee has taken inconsistent positions in different legal proceedings, including this one, as compared to its representations in 2018, 2019, 2022, 2023, and 2024."[22] I consider this motion a second motion for reconsideration because it purports to rely on newly discovered evidence and fraud by the opposing party to argue that the judgment against him should be invalidated.[23]

The "inconsistent" position that Van Damme identifies concerns the date upon which T.D. Service Company was replaced with NDSC as trustee. He asserts that, in an order issued by the District of Nevada Bankruptcy Court in one of Van Damme's other proceedings, the bankruptcy judge "clearly stated that T.D. Service Company was removed and replaced with [NDSC] on December 3, 2004."[24] But I concluded in my prior order that the substitution was recorded on November 13, 2013.[25] According to Van Damme, this inconsistency demonstrates that U.S. Bank committed fraud or misrepresented key facts to at least one court.[26]

There are several issues with Van Damme's assertions. First, nothing he cites or discusses in his motion to supplement the record can be considered newly discovered. He was, or should have been, aware of these alleged inconsistencies well before I dismissed this case.

---

[22] ECF No. 89 at 3.

[23] *See* Fed. R. Civ. P. 60(b)(2)–(3).

[24] ECF No. 89 at 4.

[25] *Id.*

[26] *Id.*

The bankruptcy judge's decision citing the 2004 date was issued in August 2022 and was attached as an exhibit to U.S. Bank's motion to dismiss in this case.[27] And U.S. Bank asserted in its motion to dismiss that the substitution was recorded in 2013.[28] Van Damme had every opportunity to raise his fraud and misrepresentation arguments based on this potential inconsistency in response to that motion, but he did not.

Further, as U.S. Bank points out and the bankruptcy judge noted in his 2022 order, Wells Fargo—the party to the bankruptcy proceedings—inadvertently attached the wrong substitution-of-trustee document to its briefing before the bankruptcy court.[29] Since then, Wells Fargo and U.S. Bank have attached the correct document to litigation involving Van Damme to reflect the correct date upon which the substitution was recorded.[30] There is no indication that the substitution of trustee that U.S. Bank submitted to this court suffers from any deficiency that would impact U.S. Bank's authority to foreclose or warrant reconsideration of my earlier findings. And Van Damme has not provided any reasonable argument or evidence supporting his contention that Wells Fargo's inadvertence in a different case suggests that U.S. Bank acted nefariously in this one. So I deny Van Damme's motion to reconsider based on newly discovered evidence.

**B.    Van Damme's motions for damages and a temporary restraining order are stricken.**

Because Van Damme's claims have been dismissed with prejudice, his remaining motions for damages, a temporary restraining order, and judicial notice cannot be brought in this closed case. Both requests require that an active claim exist that warrants the relief he seeks, and

---

[27] *See* ECF No. 13-3.

[28] *See* ECF No. 9 at 3 n.1 (citing ECF No. 11-2 (recorded substitution)).

[29] *See* ECF No. 13-3 at 12 n.16; ECF No. 92 at 3–4.

[30] *See* ECF No. 11-2.

no such claim remains here.  So I strike both of those motions.[31]  And I remind Van Damme that he may not continue filing improper motions in this closed case.  He has now filed two post-judgment motions, so the only appropriate filings at this stage remain a proper notice of appeal and related appeal documents.  Anything else will be stricken from the record without prior notice.  U.S. Bank is no longer required to respond to any of Van Damme's filings in this case unless the court expressly orders a response.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Armin Van Damme's motions for reconsideration **[ECF Nos. 86 & 89] are DENIED.**

IT IS FURTHER ORDERED that Van Damme's motions for damages and a temporary restraining order **[ECF Nos. 90, 96, & 98] are STRUCK.**

IT IS FURTHER ORDERED that **Van Damme may not file any further documents in this case other than those required to appeal**.  If Van Damme violates this order and files

---

[31] Out of an abundance of caution, I've reviewed Van Damme's motion for a temporary-restraining order and conclude that, even if there were an active claim related to his request for relief, his motion would fail.  He asks that the court prohibit U.S. Bank "from taking further actions related to foreclosure, enforcement, or any assertion of rights over the subject property."  ECF No. 96 at 1.  It appears that U.S. Bank postponed the foreclosure sale originally scheduled for September 20, 2024, when Van Damme filed for bankruptcy.  *See* ECF No. 87 at 7; ECF No. 99 at 1.  Van Damme has since voluntarily dismissed his bankruptcy petition and it appears that U.S. Bank intends to go forward with foreclosure at some point, though it isn't clear if or when a foreclosure sale has been scheduled.  *See* ECF No. 99 at 1 (Van Damme's response, indicating that the foreclosure has been rescheduled twice); ECF No. 100 (U.S. Bank's opposition to Van Damme's TRO motion, arguing that Van Damme has not shown that foreclosure should be halted but failing to identify any upcoming foreclosure sale); ECF No. 36 in *In re Van Damme*, 2:24-bk-41402-WJL (N.D. Cal. Nov. 8, 2024) (order dismissing bankruptcy case "on request of debtor").  Even if foreclosure is imminent, Van Damme's arguments in support of a TRO are repeats of the same arguments that I rejected in my prior order or when ruling on his reconsideration motions, and they are no more persuasive now.  Nor are the additional arguments Van Damme raises in his motion for judicial notice.

8

other motions or requests for relief, those improper filings will be struck, and **U.S. Bank is relieved of its obligation to respond unless the court orders otherwise**.

_____
U.S. District Judge Jennifer A. Dorsey
November 26, 2024