# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Armin Van Damme,

      Plaintiff

v.

U.S. Bank N.A.,

      Defendant

Case No.: 2:24-cv-01287-JAD-BNW

**AMENDED[1] Order Denying Motions to Remand, Declare Plaintiff a Vexatious Litigant, Disqualify Defendant's Counsel, and Stay this Case Pending Plaintiff's Bankruptcy; Granting Defendant's Motion to Dismiss; Denying all Remaining Motions as Moot; and Closing Case**

[ECF Nos. 8, 9, 17, 18, 22, 36, 44, 52, 53, 54, 55, 59, 63, 68, 69, 79, 80, 82, 83]

Pro se plaintiff Armin Van Damme filed this quiet-title action in state court, attempting to prevent U.S. Bank from foreclosing on his home. U.S. Bank moves to dismiss, contending that Van Damme defaulted on his mortgage loan 16 years ago and has been frivolously evading foreclosure ever since. It contends that Van Damme's claims are barred by the doctrine of res judicata and various statutes of limitation and, even if they weren't, they are directly belied by the recorded facts. The bank also asks the court to declare Van Damme a vexatious litigant, as this is the seventh action he has filed to thwart foreclosure.

For his part, Van Damme moves to remand this case back to state court, arguing that the one federal claim in his complaint isn't sufficient to confer federal-question jurisdiction and, because U.S. Bank conducts business in Nevada, diversity jurisdiction doesn't exist. He also seeks disqualification of U.S. Bank's counsel because they also represent Wells Fargo in another action Van Damme brought to challenge foreclosure and he feels that this "dual representation"

---

[1] This order is amended only to correct a scrivener's error in the original order, found on page 3, line 3 of this order, that erroneously referred to the at-issue property as 27**5**5 Twin Palms Circle. The correct address is 27**7**5 Twin Palms Circle.

creates a conflict of interest.  In the two months since removal, Van Damme has filed more than a dozen other motions seeking various forms of relief: he asks the court to grant summary judgment in his favor, dismiss U.S. Bank for "lack of standing and jurisdiction," "dismiss" two minute orders entered by the magistrate judge, strike some of U.S. Bank's filings, and "stop [the] foreclosure sale" of the at-issue property, which is apparently scheduled for September 20, 2024. Last week also, Van Damme also filed four motions indicating that he had filed for Chapter 13 bankruptcy and demanding that this case be stayed and the bank be prevented from selling the property in foreclosure.[2]

I deny Van Damme's motion to remand because this court has diversity jurisdiction over his claims.  I also deny his motion to disqualify U.S. Bank's attorneys because he lacks standing to raise that challenge.  I further deny his motions to stay these proceedings or halt the trustee sale because automatic bankruptcy stays do not apply to actions brought by the debtor.  I then grant U.S. Bank's motion to dismiss because all of Van Damme's claims fail due to some combination of preclusion principles, time bars, or failure to state a valid claim.  I deny Van Damme's request to amend his complaint to cure any deficiencies because those I've identified cannot be cured.  I also deny U.S. Bank's motion to declare Van Damme a vexatious litigant because his attempts to disrupt foreclosure—at times pursued by lawyers he's hired—have not been so frivolous as to warrant that relief.  And because U.S. Bank's motion to dismiss disposes of all of Van Damme's claims, I close this case and deny as moot all other pending motions.

---

[2] ECF Nos. 79, 80, 82, 83.

**Background**

**A.    Van Damme purchases a home, secured by a deed of trust, and promptly defaults.**[3]

In December 2003, Armin and Geraldine Van Damme purchased a home at 2775 Twin Palms Circle in Las Vegas, Nevada.  The following September, they secured a $740,000 mortgage to refinance the property, secured by a deed of trust.[4]  Van Damme alleges that, though a signature bearing his name appears on the deed, he did not sign it because "he was in Europe at the time."[5]  But he also alleges that, before the deed of trust was signed, he "awarded Geraldine . . . the property by durable power of attorney," and the notary told "Geraldine to sign Armin's name."[6]  Van Damme contends that Geraldine is the sole owner of the property following their separation two years ago.[7]

In 2008, MERS, the deed-of-trust beneficiary, assigned the note to LaSalle Bank National Association as Trustee and, in 2009, LaSalle recorded the assignment, noting that its interest in

---

[3] These facts are taken from Van Damme's complaint (ECF No. 1-1) and the exhibits attached to U.S. Bank's motion to dismiss (ECF Nos. 11, 12, 13, 14).  Those exhibits are public records subject to judicial notice, so this court may consider them without converting that motion into one for summary judgment.  *See United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (noting that courts "may take judicial notice of matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that courts may take judicial notice of "pleadings, memoranda, expert reports, etc." from litigation in another court); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (explaining that courts may consider matters of public record subject to judicial notice "without converting the motion to dismiss into a motion for summary judgment").  I include only those allegations relevant to resolving the motions before me.  I've considered all of the allegations in Van Damme's complaint, even if they are excluded from this summary.

[4] ECF No. 11-1 (deed of trust).

[5] ECF No. 1-1 at ¶ 13.

[6] *Id.* at ¶¶ 11, 14.

[7] *Id.* at ¶¶ 16–21.

the deed transferred to Bank of America as successor-by-merger to LaSalle.[8]  In 2010, U.S. Bank "acquired substantially all of Bank of America's corporate trust business, including the mortgage-backed security that owns" Van Damme's loan.[9]  And in 2013, a substitution of trustee was recorded on the property, substituting National Default Servicing Corporation (NDSC) for T.D. Service Company under the deed of trust.[10]

In 2007, Van Damme defaulted on the mortgage,[11] and thus began more than a decade of litigation over foreclosure.  In October of that year, NDSC recorded a notice of default and election to sell, but it rescinded that notice in 2008.[12]  NDSC recorded another notice of default later that same year.[13]  Van Damme then entered into a loan modification with loan servicer Wells Fargo, agreeing to pay the amount due in monthly installments until the loan was paid in full.[14]  But he never made a payment, so NDSC recorded yet another notice of default under the terms of the loan modification.[15]

---

[8] ECF Nos. 11-3, 11-5.

[9] ECF No. 9 at 4; ECF No. 11-6.

[10] ECF No. 11-2.

[11] *See* ECF No. 11-8.

[12] ECF Nos. 11-8, 11-9.  Though NDSC didn't file a notice of substitution until 2013, the act of formally substituting the foreclosure trustee after issuing a notice of default and election to sell is "fairly common and not improper in foreclosure."  *Wensley v. First Nat'l Bank of Nev.*, 874 F. Supp. 2d 957, 965 (D. Nev. 2012); *see also Riger v. Hometown Mortg., LLC*, 104 F. Supp. 3d 1092, 1095 (D. Nev. 2015) (interpreting NRS 107.080 for the proposition that "Nevada law does not require a substitution of trustee be recorded prior to a notice of default").

[13] ECF No. 11-10.

[14] ECF No. 11-11.

[15] ECF No. 11-12.  This notice was rescinded in 2015.  ECF No. 11-15.

**B.    Van Damme files two bankruptcy petitions and a lawsuit attempting to avoid foreclosure, but his efforts eventually fail.**

In 2009, Van Damme filed for Chapter 7 bankruptcy protection in the Northern District of California.[16]  The court terminated the automatic bankruptcy stay as it applied to Van Damme's property and authorized Bank of America to foreclose,[17] so in 2015, NDSC recorded yet another notice of default.[18]  Van Damme elected to participate in foreclosure mediation but the process was unsuccessful, and NDSC was again authorized to proceed with foreclosure.[19]

### 1.    *The 2015 federal case*

Later that year, Van Damme, represented by counsel, filed a complaint in state court against U.S. Bank, Wells Fargo, and other defendants involved in his mortgage, alleging that some of the documents recorded against the property were defective and that Wells Fargo and U.S. Bank didn't have the authority to foreclose.[20]  Van Damme also recorded a notice of lis pendens on the property.  That case was removed to this court, where U.S. District Judge Gloria Navarro dismissed it in 2018, finding that Van Damme's claims lacked merit and were barred by the applicable statutes of limitation.[21]  And because Van Damme was unable to state a claim after he was given three opportunities to amend, Judge Navarro eventually dismissed his case

---

[16] ECF No. 11-13.

[17] ECF No. 11-14.

[18] ECF No. 11-16.

[19] ECF No. 11-17.

[20] *Van Damme v. Wells Fargo, et al.*, Case No. 2:15-cv-01951-GMN-PAL ("the 2015 action").

[21] ECF No. 97 in the 2015 action.

1  with prejudice.[22]  That dismissal constituted a final judgment on the merits of Van Damme's

2  quiet-title claims.[23]

3  ### 2.  *A second bankruptcy filing*

4  Two months later, NDSC recorded a fifth notice of default and election to sell against

5  Van Damme's property.[24]  Van Damme again elected to participate in foreclosure mediation, it

6  too failed, and the mediation program issued another certificate authorizing NDSC to foreclose.[25]

7  NDSC recorded a Notice of Trustee's Sale, scheduling the sale for July 1, 2019.[26]  But four days

8  before the sale, Van Damme filed a voluntary Chapter 13 bankruptcy petition in the District of

9  Nevada.[27]  U.S. Bank and Wells Fargo filed a proof of claim based on the long-unsatisfied

10  mortgage and pre-petition arrearages, and Van Damme objected, arguing that Wells Fargo

11  "lack[ed] standing to hold the deed of trust."[28]  The parties litigated that claim for more than a

12  year until they stipulated to Van Damme's withdrawal of his objection in January 2021.[29]

13  Five months later, however, Van Damme filed an adversary proceeding in the bankruptcy

14  court, arguing that Wells Fargo was not "a real party-in-interest on the subject property" and had

---

16  [22] *Id.* at 10–11.

17  [23] *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice'" (cleaned up)).

18  [24] ECF No. 12-3.

19  [25] ECF No. 12-4.  Van Damme characterizes this bit of history differently, claiming that the
20  mediator found that Wells Fargo didn't provide proof that the loan was assigned to it.  ECF No.
   1-1 at ¶ 35, pp. 90–91.  But the judicially noticeable foreclosure-mediation certificate recorded
   on the property reflects otherwise.  ECF No. 12-4.

21  [26] ECF No. 12-5.

22  [27] ECF No. 12-6.
   [28] ECF No. 12-7.

23  [29] ECF No. 12-9.

"committed acts of fraud" when entering into a loan modification with him.[30]  In an amended complaint, Van Damme added the allegation that the deed of trust had been extinguished under Nevada's ancient-lien statute, codified at Nevada Revised Statute 106.240.[31]  In August 2022, the bankruptcy court dismissed that adversary proceeding with prejudice, holding that Van Damme's claims were barred by issue and claim preclusion, were time-barred, and failed on their merits.[32]  Van Damme appealed that order to the Bankruptcy Appellate Panel and then to the Ninth Circuit Court of Appeals.  He lost both of them.[33]

### 3.    *Renewed efforts in the 2015 case.*

In 2024, U.S. Bank filed a motion to expunge lis pendens in the 2015 district-court action.[34]  It served the motion on Van Damme's counsel in that case, and Van Damme didn't file an opposition.  Judge Navarro granted the motion, finding that expungement was required by Nevada law.[35]  Van Damme appealed that order and filed several motions to vacate the judgments in that case, stay foreclosure proceedings, and reinstate his lis pendens, arguing that he was not personally served with the motion so granting it violated his due-process rights.[36] The appeal and many of those district-court motions remain pending.

---

[30] ECF No. 13-1 at 3–4.

[31] ECF No. 13-2 at 6.

[32] ECF No. 13-3.

[33] ECF Nos. 14-1, 43-1.

[34] ECF No. 100 in the 2015 action.  It's unclear why there was a delay in filing this notice, when the 2015 action was dismissed with prejudice in 2024.

[35] ECF No. 102 in the 2015 action.

[36] *See* ECF Nos. 103, 108, 109, 111, 112, 122, 124, 126, 127, 132 in the 2015 action.

**C.    Van Damme sues U.S. Bank in yet another ploy to avoid foreclosure.**

In June 2024, Van Damme filed this quiet-title action in state court, alleging that U.S. Bank cannot foreclose on his property because of various fraudulent misrepresentations and defects in assignment of the deed of trust that occurred years ago.  He asserts three claims for quiet-title, as well as claims for violations of due process and the Fair Debt Collections Practices Act (FDCPA), unjust enrichment, emotional distress, and fraud.[37]  In July, U.S. Bank removed the case to federal court, asserting that this court has jurisdiction over Van Damme's complaint because he raises a federal claim for relief and because the parties are diverse and the amount in controversy exceeds the statutory threshold.[38]  U.S. Bank moves to dismiss this case and have Van Damme declared a vexatious litigant, contending that this seventh attempt to avoid the consequences of defaulting on his mortgage should be his last as all of his prior failed efforts bar him from relitigating those claims again.[39]

Van Damme has responded to U.S. Bank's motions with a barrage of filings that challenge U.S. Bank's standing to foreclose, its attorneys' involvement in this case, and various other issues he perceives with the bank's efforts to reclaim the property.  He asks that this case be remanded back to state court, arguing that his FDCPA claim isn't substantial enough to confer federal jurisdiction and that U.S. Bank's operations in Nevada destroy diversity.[40]  He also argues that the bank's attorneys should be disqualified because they represent Wells Fargo in the 2015 action, too, which he believes gives them a conflict of interest.[41]  He's compounded those

---

[37] *See* ECF No. 1-1.

[38] ECF No. 1.

[39] ECF Nos. 8, 9.

[40] ECF No. 17.

[41] ECF No. 18.

requests with two motions for summary judgment, three motions to dismiss, three motions to strike U.S. Bank's filings, a motion to stop a foreclosure sale set for this month, and a motion to extend time to file a reply.[42]  U.S. Bank also moves to strike an authorized surreply to the bank's motion to declare him a vexatious litigant.[43]

On September 13, 2024, Van Damme filed two more motions, this time to inform the court that he has, yet again, filed for Chapter 13 bankruptcy and listed the property as part of his bankruptcy estate.[44]  He asks for "an immediate halt to the current proceedings under 11 U.S.C. § 362(a)" and an order preventing the bank from going forward with a trustee sale scheduled for September 20, 2024.[45]

## Discussion

**A.    Van Damme's motion to remand is denied because this court has subject-matter jurisdiction based on diversity.**

28 U.S.C. § 1441(a) authorizes defendants to remove to federal court "any civil action brought in a [s]tate court of which the [U.S. District Courts] have original jurisdiction."  There are two legally recognized bases for original federal-court jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, which allows a litigant to bring a claim in federal court if it arises under federal law, and (2) diversity jurisdiction under 28 U.S.C. § 1332, which permits individuals to bring state claims in federal court if their value exceeds $75,000 and the parties are

---

[42] ECF Nos. 22, 44, 52, 53, 54, 55, 59, 63, 68, 69.  I highlight only the motions that are still pending; Van Damme filed at least seven other motions that have already been adjudicated.  ECF Nos. 24, 30, 32, 48, 49, 50, 51.

[43] ECF No. 36.

[44] ECF Nos. 79, 80.  These motions are identical.

[45] ECF No. 79 at 1.

1    citizens of different states.[46]  Defendants seeking to invoke federal removal jurisdiction "always

2    have the burden of establishing that removal is proper."[47]

3        This case belongs in federal court based on diversity jurisdiction.[48]  Van Damme is a

4    citizen of Nevada and alleges in his complaint that U.S. Bank "is a state entity and conduct[s]

5    business in Clark County, Nevada."[49]  But U.S. Bank asserts that it is a citizen of Ohio under 28

6    U.S.C. § 1348, which defines the citizenship of national banks.[50]  Van Damme responds that the

7    bank has a "significant business presence" here and thus should be considered a citizen of

8    Nevada, too.[51]

9        But the Supreme Court has squarely rejected that notion, holding instead that a national

10   banking association like U.S. Bank "is a citizen of the [s]tate in which its main office, as set forth

11   in its articles of association, is located."[52]  The state listed on U.S. Bank's organization certificate

12

13   _____

     [46] 28 U.S.C. § 1332(a)(1).

14   [47] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

15   [48] U.S. Bank contends that Van Damme's FDCPA claim confers federal-question jurisdiction
     over that claim and pendant jurisdiction over Van Damme's remaining state-law claims.  But
16   Van Damme insists that the FDCPA claim is a minor part of his complaint, and U.S. Bank
     repeatedly interprets that claim as one for fraud under state law in its motion to dismiss.  It also
17   argues that Van Damme's FDCPA claim is meritless and fails as a matter of law, implying that it
     is not a substantial claim that can support jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S.
18   500, 513 (2006) (noting that § 1331 jurisdiction is properly invoked when a plaintiff "pleads a
     *colorable* claim 'arising under' the Constitution or laws of the United States" (emphasis added)).
19   And neither party addresses whether Van Damme's due-process claim arises out of state or
     federal law, so I don't consider whether that claim provides a hook for federal-question
20   jurisdiction.  Ultimately, I need not determine whether this court has jurisdiction under § 1331
     because it certainly has jurisdiction under § 1332.

21   [49] ECF No. 1-1 at ¶ 2.

22   [50] ECF No. 1 at 3.

     [51] ECF No. 17 at 5.

23   [52] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348.

is Ohio, making it a citizen of Ohio.[53]  The fact that U.S. Bank operates in this state has no

bearing on its citizenship.[54]  So I find that there is complete diversity between the parties.

The amount-in-controversy threshold is undoubtably met, too.  "Generally, the amount

in controversy is determined from the face of the pleadings," and "[t]he sum claimed by the

plaintiff controls so long as [it] is made in good faith."[55]  "If a plaintiff's state[-]court complaint

does not specify a particular amount of damages, the removing defendant bears the burden of

establishing, by a preponderance of the evidence, that the amount in controversy exceeds"

$75,000.[56]

Van Damme's allegations make clear that the amount in controversy is far above the

$75,000 threshold.  He seeks "litigation costs in excess of $600,000" that he attributes to U.S.

Bank's "fraudulent actions and improper claims,"[57] and he seeks a "permanent injunction

banning any future actions by U.S. Bank N.A. against the property."[58]  "In actions seeking

declaratory or injunctive relief, it is well established that the amount in controversy is measured

by the value of the object of the litigation."[59]  Van Damme alleges that the loan secured by the

---

[53] ECF No. 27-2.

[54] *Wachovia Bank*, 546 U.S. at 307 (rejecting the argument that a national bank should be considered a "citizen of every state in which it has established a branch" because that proposed interpretation of § 1348 would "drastically curtail[]" "the access of a federally chartered bank to a federal forum . . . in comparison to the access afforded state banks and other state-incorporated entities" (cleaned up)).

[55] *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

[56] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[57] ECF No. 1-1 at ¶ 84.

[58] *Id*. at 21.

[59] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).

deed of trust for the disputed property was originally for $740,000.00,[60] and U.S. Bank provides

evidence that the property is now worth approximately $1,288,700.00.[61]  So, because U.S. Bank

has established that the parties are diverse and the amount in controversy far exceeds the $75,000

threshold for federal diversity jurisdiction, I deny Van Damme's motion to remand.

**B.    Van Damme cannot automatically stay his own action based on his new bankruptcy petition.**

In yet another apparent effort to continue delaying the inevitable, Van Damme filed a

third bankruptcy petition, listing the property as an asset, on September 12, 2024.  He then

immediately moved to stay this case under 11 U.S.C. § 362(a) and asks this court to halt the

trustee sale that the bank scheduled for tomorrow.[62]  But the Ninth Circuit has made clear that

the stay provided for by § 362 "does not prevent a plaintiff/debtor from continuing to prosecute

its own claims nor does it prevent a defendant from protecting its interests against claims brought

by the debtor."[63]  "This is true, even if the defendant's successful defense will result in the loss

of an allegedly valuable claim asserted by the debtor."[64]  So, because Van Damme initiated this

action and U.S. Bank has not asserted any counterclaims that could be construed as a claim

against Van Damme under § 362, I deny Vane Damme's motion to stay this case based on this

---

[60] ECF No. 1-1 at ¶ 12.

[61] ECF No. 1-3 at 2.

[62] ECF Nos. 79, 80.

[63] *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 875 (9th Cir. 2011).

[64] *Id.*

1    new bankruptcy maneuver and deny his motion to halt the trustee sale that he contends will take

2    place this week.[65]

3    **C.      Van Damme lacks standing to move for disqualification of opposing counsel.**

4           Van Damme seeks disqualification of U.S. Bank's attorneys because they also represent

5    Wells Fargo in the 2015 action and at least one appeal.[66]  He contends that representing both

6    banks "constitutes a clear conflict of interest" because it "intertwin[es] their obligations to Wells

7    Fargo with their representation of U.S. Bank N.A. in this matter."[67]  And he expresses concern

8    that "[t]he risk of conflicting duties and compromised legal strategies is heightened when

9    attorneys represent clients with potentially adverse interests in concurrent and related cases."[68]

10          But Van Damme lacks standing to force out his opponent's lawyers.  "The general rule is

11   that only a former or current client has standing to bring a motion to disqualify counsel on the

12   basis of a conflict of interest."[69]  Van Damme is neither a former nor current client of U.S.

13   Bank's attorneys, so he doesn't have standing to raise this conflict-of-interest challenge.  Even if

14   he could, he doesn't identify any actual conflict of interest between these two banks, who share

15   the common interest in foreclosing on the Van Damme's property to satisfy the long-unpaid

16   mortgage note.[70]

17   _____

18   [65] Yesterday, Van Damme filed two more motions again asking that this court enforce a stay and
     sanction U.S. Bank for filing a brief in this case after he filed for bankruptcy.  ECF Nos. 82, 83.
19   Those motions fail for the same reasons discussed *infra* at p. 12.

     [66] ECF No. 18.
20
     [67] *Id.* at 2–3.
21
     [68] *Id.*
22   [69] *Liapis v. Dist. Ct.*, 282 P.3d 733, 737 (Nev. 2012) (quoting Model Rules of Prof'l Conduct R.
     1.7 annot.).
23
     [70] *See* ECF No. 41 at 5 (explaining that U.S. Bank and Wells Fargo are the loan owner and its
     servicer, respectively, and that they share a "principal-agent relationship").

The Supreme Court has recognized a narrow set of circumstances in which a nonclient may bring a motion to disqualify an attorney: (1) when a specifically identifiable "breach of ethics so infects the litigation in which disqualification is sought that it impacts the nonclient moving party's interest in a just and lawful determination of [his] claims," or (2) if there is a "breach of the duty of confidentiality owed to the complaining party, regardless of whether a lawyer-client relationship existed."[71]  Van Damme has offered nothing to show that either circumstance exists here.  He identifies no injury that he will suffer if U.S. Bank's attorneys simultaneously represent Wells Fargo and no impropriety or ethical breach, let alone one that "so infects this litigation" that disqualification is warranted.  Van Damme also does not allege that the bank's attorneys have any duty of confidentiality to him.  So I deny Van Damme's motion to disqualify U.S. Bank's attorneys.

**D.     Myriad defects in Van Damme's claims require wholesale dismissal of this case.**

U.S. Bank moves to dismiss Van Damme's complaint in its entirety.  It contends that Van Damme's three quiet-title claims and his fraud claim are barred by the claim-preclusion doctrine, and that all of his claims are barred by the related doctrine of issue preclusion.[72]  It challenges his due-process claim as an "improper collateral attack" on Judge Navarro's order expunging the lis pendens in the 2015 action.[73]  The bank further asserts that Van Damme's first quiet-title claim, as well as his fraud and unjust-enrichment claims, are long-since time-barred, and it moves for dismissal of Van Damme's "claims" for punitive damages and litigation costs because those are

---

[71] *Liapis*, 282 P.3d at 737–38 (cleaned up).

[72] ECF No. 9 at 9–14.

[73] *Id.* at 14–15.

remedies, not causes of action.[74]  Finally, the bank asserts that even if Van Damme could clear

those hurdles, none of his allegations state a claim for relief under any of the theories he

pursues.[75]

Van Damme does not respond to many of these arguments.  He instead focuses on his

belief that U.S. Bank is "not the real party in interest" in this case and has not "demonstrate[d]

standing and jurisdiction under Rule 12(b)(1)."[76]  He also spends much of his brief arguing about

factual disputes that don't have any impact on the issues raised in U.S. Bank's dismissal

motion.[77]  The only two claims he discusses in any meaningful way are his due-process claim

and his FDCPA claim, but even those analyses largely consist of a recitation of facts alleged in

his complaint.[78]

### 1.    *Van Damme's first quiet-title claim is barred by claim preclusion.*

Van Damme's first quiet-title claim is based on the theory that "U.S. Bank N.A. lacks a

valid assignment to the loan" and, "without proper assignment, U.S. Bank N.A.'s actions . . .

lack legal standing."[79]  U.S. Bank contends that this claim is barred by claim and issue

preclusion because Van Damme litigated it in his 2015 action.[80]

---

[74] *Id.* at 15–17.

[75] *Id.* at 18–24.

[76] ECF No. 22 at 3, 4–6.

[77] *Id.* at 6–10.

[78] *See id.* at 10, 13.

[79] ECF No. 1-1 at ¶¶ 68–69.

[80] ECF No. 9 at 10–11.  U.S. Bank raises other arguments attacking Van Damme's first claim for relief.  Because claim preclusion bars Van Damme's claims, I need not and do not reach U.S. Bank's alternative arguments.

1              ***a.        Claim and issue preclusion bar the relitigation of claims.***

2              Claim and issue preclusion are doctrines "intended to promote judicial efficiency and the

3      finality of judgments by requiring that all related claims be brought together or forfeited" or "by

4      prohibiting any party from litigating an issue that has been fully litigated previously."[81]  "'Claim

5      preclusion' is the doctrine providing that 'a final judgment forecloses successive litigation of the

6      very same claim, whether or not relitigation of the claim raises the same issues as the earlier

7      suit.'"[82]  By precluding "parties from contesting matters that they have had a full and fair

8      opportunity to litigate," these doctrines "protect their adversaries from the expense and vexation

9      attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by

10     minimizing the possibility of inconsistent decisions."[83]  For claim preclusion to apply in Nevada,

11     (1) the parties or their privities must be the same, (2) the final judgment must be valid, and

12     (3) the new action must be based on the same claims or any part of them that were or could have

13     been brought in the first case.[84]  "This test maintains the well-established principle that claim

14     preclusion applies to all grounds of recovery that were or could have been brought in the first

15     case."[85]

16

17

---

18     [81] *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002).

19     [82] *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

20     [83] *Montana v. United States*, 440 U.S. 147, 153–54 (1979) (cleaned up).

21     [84] *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (citing *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1192 (Nev. 1994), *holding modified by Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465 (Nev. 1998) ("The modern view is that claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted.")).

23     [85] *Id.*

1

2

### b.    *Van Damme's quiet-title claim based on fraudulent defects in the assignment is claim-precluded.*

3    Van Damme's first quiet-title claim is barred by the claim-preclusion doctrine.  In his

4 2015 case, Van Damme brought a quiet-title action against Wells Fargo, U.S. Bank, and other

5 entities that had played some role in financing his property, arguing that, because of "defective

6 instruments filed against the subject property," U.S. Bank has "no legal or equitable right, claim

7 or interest" in the property.[86]  He also alleged that the notices of default were based on the

8 defendants' fraudulent misrepresentations about who possessed the deed of trust.[87]  Judge

9 Navarro dismissed those claims with prejudice and on their merits.[88]  Van Damme did not

10 appeal, and that judgment is final.[89]  Van Damme's quiet-title claim in this case is based on the

11 same alleged fraudulent defects in assignment of the loan, which he claims leave U.S. Bank

12 without the legal right to foreclose on the property.  And it relies on the same chain of events that

13 Van Damme relied on in the 2015 action.  Because that same claim was raised, litigated, and

14 dismissed with a final judgment, claim preclusion bars Van Damme's first quiet-title claim here,

15 so long as the parties in both actions are the same.

16    And those parties are the same.  Van Damme suggests that only Wells Fargo, and thus

17 not U.S. Bank, was subject to the order dismissing his 2015 action.[90]  But Van Damme very

18 clearly named U.S. Bank as a defendant in that case, and asserted a quiet-title claim against U.S.

19

20 ───────────────────────

[86] ECF No. 11-4 at 19 (third-amended complaint in the 2015 action).

21 [87] *Id.* at 20–21.

22 [88] ECF No. 97 in the 2015 action.

[89] *See Stewart*, 297 F.3d at 956.

23 [90] ECF No. 22 at 2.

1  Bank because of perceived issues with "defective instruments" and assignments.[91]  Judge

2  Navarro dismissed that claim with prejudice as against the "Wells Fargo Defendants," which she

3  defined to include "Wells Fargo, . . . America's Servicing Company[,] . . . and **U.S. Bank**

4  **National Association**, as Trustee, successor in interest to Bank of America, N.A."[92]  So the

5  parties involved in this action were also parties to the 2015 action.  And this quiet-title action,

6  grounded in Van Damme's assertion that U.S. Bank doesn't have an interest in the property

7  because of a defective or fraudulent assignment, is in all relevant respects identical to the quiet-

8  title claim that was adjudicated in the 2015 action.  So I dismiss with prejudice Van Damme's

9  first quiet-title action because it is barred by the claim-preclusion doctrine.

10

11          **2.**       ***Van Damme's due-process claim is an improper collateral attack on orders entered in the 2015 action.***

12          Van Damme alleges that U.S. Bank violated his due-process rights when it moved to

13  expunge the notice of lis pendens he recorded when he filed the 2015 action but failed to serve

14  notice of that motion on him personally.[93]  U.S. Bank filed its expungement motion in the 2015

15  action before Judge Navarro and, because Van Damme was represented by counsel in that case,

16  the bank served the motion on his listed counsel.[94]  Judge Navarro granted that motion and

17  expunged the lis pendens.[95]  Van Damme now "seeks a determination that U.S. Bank N.A.'s

18

19

20

---

[91] *See* ECF No. 11-4 at 19.

21  [92] ECF No. 97 at 1 in the 2015 action (emphasis added).

22  [93] ECF No. 1-1 at ¶¶ 73–75.

[94] ECF No. 100 in the 2015 action.

23  [95] ECF No. 102 in the 2015 action.

1  actions violated [his] due[-]process rights and an order vacating [Judge Navarro's] orders based

2  on this violation."[96]

3        Van Damme's attempt to have me vacate Judge Navarro's expungement order is an

4  impermissible collateral attack on that order. "[C]ollateral attacks on the judgments, orders,

5  decrees[,] or decisions of federal courts are improper."[97] "[I]t is for the court of first instance to

6  determine" issues raised before it, and unless and until the first judge's "decision is reversed for

7  error by orderly review, either by itself or by a higher court, [the] orders based on [those]

8  decisions are to be respected."[98] Van Damme raised his service arguments in the 2015 action,

9  has moved for reconsideration on that basis,[99] and argues that lack of service violated his due-

10  process rights in his still-pending appeal of the expungement order.[100] Because Van Damme's

11  due-process claim in this case is an impermissible collateral attack on issues pending before

12  Judge Navarro and the Ninth Circuit, I dismiss it.

13

14

15

16

---

17  [96] ECF No. 1-1 at ¶ 75.

18  [97] *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987) (reasoning that "[t]o allow a district court to grant injunctive relief against [another district court] would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court," and holding that such a result would be improper).

20  [98] *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (quoting *Walker v. Birmingham*, 388 U.S. 307, 314 (1967) (concluding that collateral attacks "seriously undercut[] the orderly process of law").

22  [99] *See* ECF Nos. 109, 126, 132 in the 2015 action.

23  [100] *See* ECF No. 18 at 13–14 in *Van Damme v. U.S. Bank Nat'l Assoc., et al.*, Appeal No. 24-2481 (9th Cir.).

1    **3.**  ***Van Damme's unjust-enrichment claim is time-barred.***

2    In his third claim for relief, Van Damme contends that, "[b]y wrongfully collecting a debt

3 not owed to U.S. Bank N.A. and initiating foreclosure actions without a valid assignment or

4 agreement, U.S. Bank N.A. has been unjustly enriched at the expense of the Plaintiff."[101] U.S.

5 Bank contends that this claim is long-since time-barred and that, because the parties' dispute

6 arises from written contracts, Nevada law prohibits Van Damme from asserting an unjust-

7 enrichment claim.

8    It's clear from the face of Van Damme's complaint that his unjust-enrichment claim is

9 time-barred.[102] In Nevada, the statute of limitations for an unjust-enrichment claim is four

10 years.[103] At the latest, Van Damme knew about the facts giving rise to this claim in 2015 when

11 U.S. Bank was listed as trustee on a notice of default and election to sell recorded against the

12 property.[104] Indeed, he alleged in his 2015 complaint various deficiencies in the assignment of

13 his loan to U.S. Bank, relying on largely the same arguments he raises here. But he did not bring

14 an unjust-enrichment claim then, and his attempt to do so now is at least five years too late. So I

15 dismiss this claim as time barred and I do not reach U.S. Bank's alternative arguments for its

16 dismissal.

---

[101] ECF No. 1-1 at ¶ 77.

[102] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised in a motion to dismiss.").

[103] Nev. Rev. Stat. § 11.190(2)(c); *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011).

[104] U.S. Bank argues that the claim accrued much earlier, measuring accrual from the first notice of default recorded in 2007. ECF No. 9 at 16. But that notice, and at least one subsequent one, didn't name U.S. Bank as a trustee or beneficiary of the deed of trust securing Van Damme's mortgage. Indeed, U.S. Bank asserts that it didn't acquire the mortgage-backed security that owned Van Damme's loan until 2010, so it wouldn't have been the entity to notice the property for foreclosure in 2007. *Id.* at 4.

1    ### 4.    *These circumstances don't support an emotional-distress claim.*

2    In his fifth claim for relief, Van Damme alleges that "the actions of Wells Fargo[105] and

3    U.S. Bank N.A. have caused [him] severe emotional distress."[106]  U.S. Bank argues that this

4    claim fails to meet the pleading requirements under FRCP 8 and 12(b)(6).  Federal pleading

5    standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief

6    that is plausible on its face."[107]  This "demands more than an unadorned, the-defendant-

7    unlawfully-harmed-me accusation";[108] plaintiffs must make direct or inferential factual

8    allegations about "all the material elements necessary to sustain recovery under *some* viable legal

9    theory."[109]  A complaint that fails to meet this standard must be dismissed.[110]  But because Van

10   Damme is proceeding pro se, the court must liberally construe his allegations and dismiss only if

11   "it appears beyond doubt that [he] can prove no set of facts in support of [his] claim . . . ."[111]

12   To state an emotional-distress claim in Nevada, a plaintiff must allege that (1) the

13   defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless

14   disregard for, causing emotional distress," (2) the plaintiff "suffered severe or extreme emotional

15   distress," and (3) "actual or proximate causation."[112]  To be extreme and outrageous, conduct

16   must be "outside all possible bounds of decency" and regarded as "utterly intolerable in a

---

17   [105] Wells Fargo is not a defendant in this case.  I limit my consideration of this claim as it applies
18   to U.S. Bank only.

     [106] ECF No. 1-1 at ¶ 82.

19   [107] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

20   [108] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

     [109] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
21   1106 (7th Cir. 1984)).

22   [110] *Twombly*, 550 U.S. at 570.

     [111] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (cleaned up).

23   [112] *Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981).

1  civilized community."[113]  General physical or emotional discomfort is insufficient to demonstrate

2  severe emotional distress—a plaintiff must allege such "serious emotional distress" that it

3  "results in physical symptoms."[114]

4          Van Damme hasn't come close to alleging facts that satisfy any of these elements.  His

5  claim is devoid of factual support for his conclusory assertion that the bank's actions caused him

6  "severe emotional distress."  He does not explain what actions U.S. Bank took that caused him

7  this harm, nor does he explain how those actions fell "outside all possible bounds of decency."[115]

8  And I find that he could not allege any facts that would support this claim if given the

9  opportunity to amend.  Van Damme alleges that U.S. Bank has threatened to foreclose on his

10 property without proper authority to do so.  He provides no facts to suggest that the manner in

11 which the bank did so was extreme, outrageous, or intolerable, and after reviewing the judicially

12 noticeable records documenting the foreclosure action here, I find that he cannot meet that

13 threshold.[116]  So I dismiss this claim with prejudice.

14          **5.      *Van Damme's remaining quiet-title claims rely on inapplicable law.*

15         Van Damme's remaining quiet-title claims center around his 2009 bankruptcy

16 proceedings.  In 2010, the Bankruptcy Court for the Northern District of California granted Bank

---

18 [113] *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citation and internal quotations omitted).

19 [114] *Chowdhry v. NLVH Inc.*, 851 P.2d 459, 482 (Nev. 1993).

20 [115] *Maduike*, 953 P.2d at 26.

21 [116] *See Dowers v. Nationstar Mortg., LLC*, 852 F.2d 964, 971–72 (9th Cir. 2017) (finding
22 allegations that the defendant "threatened to foreclose on a property without authority to do so
   because it did not possess the original loan documents, contacted plaintiffs directly after
   plaintiffs' attorney told it not to do so, and delayed the rescission of a previously recorded notice
23 of default" did not "meet the threshold of extreme and outrageous as it has been described by"
   the Nevada Supreme Court (cleaned up)).

of America's[117] motion for relief from the automatic bankruptcy stay and authorized the bank "to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust."[118]  As the basis for his second quiet-title claim, Van Damme contends (without elaboration) that lifting the stay was "considered a permanent order ruled by Justice Ginsburg, thereby extinguishing the lien on October 2, 2019, and satisfying the lien."[119]  He appears to rely on California's judgment-renewal statute, California Code of Civil Procedure (C.C.P.) § 683.020, to contend that U.S. Bank had ten years from the date the stay was lifted to foreclose, and because it didn't, the lien was extinguished.  In his third and final quiet-title claim, he theorizes that lifting the stay also "activat[ed] the statute of limitations under [C.C.P. § 337], a four-year statute to collect the debt, which was activated on March 1, 2012, and therefore the lien has been satisfied."[120]

These claims are utterly devoid of legal merit.  First, Van Damme fails to explain why California law should apply to this action concerning real property situated in Nevada.  Nevada law governs actions concerning real property located in this state unless the parties have contractually agreed that some other law applies.[121]  The deed of trust conforms to the general rule, stating that it is "governed by federal law and the law of the jurisdiction in which the Property is located."[122]  So Van Damme's quiet-title claims are governed by Nevada law.

---

[117] Bank of America was the trustee on Van Damme's loan in 2010.

[118] ECF No. 11-14 at 2–4.

[119] ECF No. 1-1 at ¶ 89.

[120] *Id.* at ¶ 89.

[121] *See Key Bank of Alaska v. Donnels*, 787 P.2d 382, 384 (Nev. 1990).

[122] ECF No. 11-1 at 12.

1    To the extent that Van Damme might believe that California law applies because the

2    federal bankruptcy court that lifted the stay was located in California, he is incorrect.  That court

3    was applying federal bankruptcy law when it ordered the stay lifted and made no determination

4    that California law would apply.  It authorized Bank of America to foreclose "pursuant to

5    applicable state law,"[123] and the law that applies is Nevada's, not California's.  So I dismiss Van

6    Damme's second and third quiet-title claims because they are premised on inapplicable law.

7        **6.    *The FDCPA doesn't apply to foreclosure actions.*****

8    Van Damme states in his ninth cause of action that he "seeks damages for fraud,

9    misconduct, and misrepresentation under" the FDCPA.[124]  That statute "subjects 'debt collectors'

10   to civil damages for engaging in certain abusive practices while attempting to collect debts."[125]

11   "For the purposes of the FDCPA, the word 'debt' is synonymous with 'money.'"[126]  The statute

12   does not apply to a mortgage trustee's efforts to foreclose on a property because "[t]he object of

13   a . . . foreclosure is to retake and resell the security, not to collect money from the borrower."[127]

14   The Ninth Circuit has thus held that "actions taken to facilitate a non-judicial foreclosure, such as

15   sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is

16   defined by the FDCPA."[128]

17   Nothing in Van Damme's complaint implicates a right or remedy under the FDPCA.  He

18   alleges conduct associated only with U.S. Bank's attempts to foreclose on his property, such as

---

[123] ECF No. 11-14 at 3.

[124] ECF No. 1-1 at ¶ 91.

[125] *Vien-Phuong Thi Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 571 (9th Cir. 2017).

[126] *Id.*

[127] *Id.*

[128] *Id.* at 572.

recording notices of default and participating in adversary bankruptcy proceedings to ensure its ability to foreclose. That conduct is not an action to collect a debt as defined by the FDCPA. So I dismiss Van Damme's FDCPA claim because it lacks merit, and I do so without leave to amend because Van Damme cannot allege facts to cure this defect.[129]

### 7.  *Van Damme's "claims" for punitive damages and litigation costs are remedies, not causes of action.*

As his fourth and sixth causes of action, Van Damme also asserts "claims" for punitive damages and litigation costs stemming from the decades of attempts to foreclose on his property. But these are more properly characterized as remedies for other substantive claims; they are not themselves independent causes of action.[130]  I thus dismiss these "claims" because they are not, in fact, claims.

### 8.  *Van Damme's standing arguments don't warrant relief from dismissal.*

Throughout the many motions and briefs that Van Damme has filed in this case, he repeats the argument that U.S. Bank "has failed to demonstrate standing and jurisdiction under Rule 12(b)(1)."[131]  He appears to believe that the bank does not have "standing to bring a motion to dismiss" because an assignment of such an interest was "fraudulent."[132]

---

[129] U.S. Bank characterizes Van Damme's ninth claim as both an FDCPA claim and a state-law fraud claim.  *See* ECF No. 9 at 10 (arguing that the claim should be dismissed because Van Damme raised fraud claims in prior actions), 15 (arguing that the claim should be dismissed as time-barred under Nevada's statute of limitations for fraud claims), 23 (arguing that the claim should be dismissed under the FDCPA).  Van Damme is the master of his complaint, and his ninth cause of action clearly identifies the FDCPA as its basis, so I treat it as such.

[130] *See Teva Parenteral Meds., Inc. v. Eighth Jud. Dist. Ct.*, 481 P.3d 1232, 1241 n.4 (Nev. 2021) (explaining that "punitive damages is a remedy and not a separate cause of action").

[131] *See, e.g.*, ECF No. 22 at 3, ECF No. 18 at 8, ECF No. 35 at 1.

[132] ECF No. 22 at 3.

1    Van Damme misunderstands the entire notion of standing.  The concept applies to *a*

2  *plaintiff's* ability to allege facts showing that he has a valid case or controversy against a

3  defendant.  U.S. Bank, as *the defendant* in this action, does not need to establish "standing"

4  because it is not the one who filed this lawsuit—Van Damme is.  To the extent that Van

5  Damme's argument is rooted in his belief that U.S. Bank does not have an interest in the

6  property and thus cannot foreclose on it, it is a regurgitation of his quiet-title theories, and those

7  claims have been dismissed as barred.  So Van Damme's "standing" arguments are misplaced—

8  and rejected.

9  **E.    U.S. Bank has not shown that Van Damme is yet a vexatious litigant.**

10    U.S. Bank also seeks an order declaring Van Damme a vexatious litigant and precluding

11  him from filing any new lawsuits against U.S. Bank or Wells Fargo without leave of court and

12  from filing "any motions against U.S. Bank in this action until at least resolution of its

13  concurrently filed motion to dismiss."[133]  To make its case that Van Damme is abusing the

14  litigation process, the bank cites six different cases in which it claims Van Damme has

15  unsuccessfully raised similar arguments against foreclosure of this property: (1) a petition for

16  foreclosure mediation in 2019, in which Van Damme attempted to prevent the foreclosure

17  certificate from issuing based on chain-of-title arguments against Wells Fargo; (2) the 2015

18  district-court litigation, in which Van Damme, represented by counsel, argued that defects in

19  assignment of the deed of trust bar foreclosure; (3) Van Damme's 2019 bankruptcy case, in

20  which he objected (through counsel) to U.S. Bank's claim to the property based on similar

21  defective-assignment arguments raised here; (4) a 2021 adversary proceeding in bankruptcy

22  court against Wells Fargo, in which, throughout the proceeding and two appeals, Van Damme

23  ―――――――――――――――
[133] ECF No. 8 at 2.

filed "37 [pro se] motions and other miscellaneous filings" raising the same rejected

arguments[134]; (5) a federal action brought by counsel for Geraldine Van Damme, attacking the

validity of the loan documents; and (6) Van Damme's litigation conduct following the lis

pendens expungement order that U.S. Bank recently obtained in the 2015 action.  U.S. Bank also

points to 9 other cases that Van Damme has been involved in within the past 22 years,[135] and it

highlights Van Damme's litigation conduct in this and the 2015 action.  Van Damme has filed a

far-above-average number of motions and miscellaneous filings in this court: this case was

removed in July, and within about a month Van Damme has filed 13 motions; in those motions

and his other filings, he lodges attacks against U.S. Bank's counsel and repeats the same

arguments regardless of the relief that the motion seeks;[136]and Van Damme has taken largely the

same tactic in the 2015 action—since Judge Navarro filed her expungement order in April, Van

Damme has filed at least 11 motions attacking the order and relitigating the facts originally

raised in that case almost a decade ago.

Federal district courts have the "ancient" inherent authority to issue writs—including a

prefiling order—to prevent litigants from continuing to file frivolous lawsuits and abuse the

judicial process.[137]  Prefiling orders are an extreme remedy and should be granted only "after a

cautious review of the pertinent circumstances."[138]  If the court imposes a prefiling order, it must

---

[134] Van Damme's 2021 adversary proceeding was initially brought and litigated through counsel, but he apparently represented himself on appeal.

[135] *See* ECF No. 8 at 11–12.

[136] This tally doesn't include motions that I denied based on Van Damme's filing "amended" versions later that day.  *See* ECF Nos. 48–55.

[137] *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)).

[138] *Molski*, 500 F.3d at 1057.

set forth which cases and motions support its conclusion that the party's filings are so numerous

or abusive that they should be enjoined, make substantive findings as to the frivolous or

harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice

encountered."[139]   The Ninth Circuit has adopted the Second Circuit's five-factor framework to

determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the

vexatious litigation":

> (1) the litigant's history of litigation and in particular whether it
> entailed vexatious, harassing[,] or duplicative lawsuits; (2) the
> litigant's motive in pursuing the litigation, e.g., does the litigant
> have an objective good[-]faith expectation of prevailing?;
> (3) whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has posed
> an unnecessary burden on the courts and their personnel; and
> (5) whether other sanctions would be adequate to protect the courts
> and other parties.[140]

While Van Damme's conduct has been inappropriately aggressive, I cannot conclude that

his litigation history has reached the point of vexatious—though it's close.  Most of Van

Damme's prior cases don't support a finding that they were entirely frivolous: he was

represented by counsel in his 2015 action and nothing about the conduct in that case suggests

that it was brought in bad faith or litigated in a manner that could be deemed harassing to the

opposing parties.  He was also represented by counsel in his 2019 attempts to stop foreclosure

following unsuccessful mediation, and nothing in that case reaches harassing levels.  Finally, the

action by Geraldine Van Damme cannot support a vexatious-litigant order against Armin.

To be sure, Van Damme's pro se filings in his bankruptcy proceedings (which were

initiated through counsel), his recent filings in the 2015 action, and all of his submissions in this

---

[139] *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

[140] *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

case are needlessly reiterative and have saddled opposing counsel and the courts with piles of unnecessary work. But I do not yet find that those cases warrant the drastic relief of requiring a prefiling order for any future cases. Of his cases, only this one was clearly brought solely for the purpose of raising frivolous arguments to avoid paying his mortgage: the 2015 action was brought by counsel, and U.S. Bank does not contend that Van Damme's first two bankruptcy proceedings generally were brought with the intent to raise frivolous arguments.[141] The other nine cases U.S. Bank references are not related to this mortgage dispute, and in many of those cases he is represented by a lawyer or is a defendant: his involvement in those cases doesn't suggest frivolous conduct or an abuse of the judicial process that would support barring him from filing future lawsuits. So requiring a prefiling order for Van Damme would not be narrowly tailored to the vexatious conduct that U.S. Bank has identified: his penchant for filing repetitive, frivolous motions and briefs once a case is initiated.

I also deny as moot U.S. Bank's request that Van Damme be barred from filing further documents in this case because I find that all of Van Damme's claims must be dismissed and close this case. Thus, that request for relief is moot. But I caution Van Damme that he may not file documents in a closed case, other than those specifically permitted under the Federal Rules of Civil and Appellate Procedure (i.e., a properly supported motion under FRCP 59 or 60, or a notice of appeal). Any other motions will be summarily denied, and if Van Damme continues to file frivolous motions following the closure of this case, U.S. Bank may file another motion seeking appropriate relief.

---

[141] The bank's motion was filed before Van Damme filed his third bankruptcy petition, which may qualify as another frivolous attempt to avoid foreclosure. But on this record I cannot make that determination.

**F.    All other pending motions in this case are mooted by these rulings.**

Van Damme has filed ten other pending motions in this case.[142]  U.S. Bank has filed one.[143]  Having reviewed those motions, none warrants an outcome different than the one prompted by U.S. Bank's motion to dismiss, so I deny them all as moot.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Armin Van Damme's motion to remand **[ECF No. 17] is DENIED.**

IT IS FURTHER ORDERED that Van Damme's motions to automatically stay this case, halt a trustee sale, enforce the automatic stay, and sanction U.S. Bank **[ECF Nos. 79, 80, 82 & 83] are DENIED.**

IT IS FURTHER ORDERED that Van Damme's motion to disqualify counsel **[ECF No. 18] is DENIED.**

IT IS FURTHER ORDERED that Defendant U.S. Bank's motion to dismiss **[ECF No. 9] is GRANTED**.  **This case is DISMISSED with prejudice**, and the Clerk of Court is directed to **ENTER JUDGMENT** in favor of the defendant and against the plaintiff and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that U.S. Bank's motion to declare Van Damme a vexatious litigant **[ECF No. 8] is DENIED without prejudice.**

IT IS FURTHER ORDERED that all remaining motions **[ECF Nos. 22, 36, 44, 52, 53, 54, 55, 59, 63, and 68] are DENIED as moot.**

---

[142] ECF Nos. 22 (motion for summary judgment), 44 (motion to dismiss), 52 (motion to dismiss), 53 (motion to strike), 54 (motion to dismiss), 55 (motion to stop foreclosure sale), 59 (motion for summary judgment), 63 (motion to strike), 68 (motion to strike), 69 (motion to extend time).

[143] ECF No. 36 (motion to strike unauthorized sur-reply).

**Van Damme is advised that this case is now CLOSED**.  He may file only motions seeking appropriate relief, and he must refrain from filing multiple motions seeking the same relief.  Filings that violate this direction will be struck.

_____
U.S. District Judge Jennifer A. Dorsey
November 26, 2024